**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen P Kelly,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sun Tran Bus System, et al.,<br><br>　　　　Defendants. | No. CV-25-00105-TUC-JCH<br><br>**ORDER** |

　　　Pro se Plaintiff Stephen P. Kelly filed a Complaint alleging Defendants violated his civil rights under the Americans with Disabilities Act ("ADA") and requesting a preliminary injunction. Doc. 1. Plaintiff also filed an Application to proceed in forma pauperis ("Application") (Doc. 3) and a "Motion to Direct Service of Process Under a Rule (4) Waiver" ("Motion to Direct Service") (Doc. 4). For the reasons explained below, the court will dismiss Defendant Jane Doe and grant Plaintiff's Application and Motion to Direct Service.

**I.　　Background**

　　　Plaintiff filed a Complaint alleging Defendant Jane Doe, a Sun Tran bus driver, repeatedly denied Plaintiff access to use a ramp when entering and exiting the bus because Plaintiff is not visibly disabled. Plaintiff alleges these incidents occurred with Defendant Jane Doe on February 4, 5, 7, 10, and 12, 2025. Plaintiff alleges Defendant Doe violated his rights by (1) inquiring about Plaintiff's specific disability and (2) refusing to allow Plaintiff to use the disability ramp on the bus. Doc. 1 at 9–11, ¶¶ 19–20. Plaintiff also

alleges four other bus drivers have denied him use of the disability ramp. *Id.* at 18, ¶ 30.

## II.     Application to Proceed In Forma Pauperis

The Court may authorize the commencement and prosecution of a civil action in forma pauperis "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In *in forma pauperis* proceedings officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

The Court has reviewed Plaintiff's IFP Application. Doc. 2. An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The relevant statute does not itself define what constitutes insufficient assets and the Ninth Circuit has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Here, Plaintiff indicates he receives $725.00 per month in SSDI income and that he has $25 left over after paying rent ($550) and other expenses. Doc. 3 at 5. The Court finds Plaintiff is unable to pay the filing fee and thus the Court will grant Plaintiff's Application under 28 U.S.C. § 1915(a).

## III.    Statutory Screening of Complaint

Under 28 U.S.C. § 1915(e)(2), notwithstanding the payment of any filing fee, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

### a. Defendant Jane Doe Will be Dismissed.

Under Title II of the Americans with Disabilities Act (ADA), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Public officials cannot be sued in an individual capacity for violations of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Further, a suit against a defendant in his or her official capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.* Plaintiff's claim against Defendant Doe in her official capacity, therefore, is redundant of the claim against Defendant SunTran. Thus, to the extent Plaintiff is suing Defendant Doe in her official capacity, Plaintiff has failed to state a claim. The Court will dismiss the official capacity claim against Defendant Doe.

### b. Plaintiff States a Prima Facie Claim Against Defendant Sun Tran.

To prove that a public service violated Title II of the ADA, a plaintiff must show:

(1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). The ADA's prohibition against discrimination "is universally understood as a requirement to provide 'meaningful access.'" *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009). A plaintiff may establish a denial of "meaningful access" by showing there was a violation of a relevant implementing regulation if such violation denied the plaintiff meaningful access to a public benefit. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016).

Plaintiff alleges he is a qualified individual with a disability. Doc. 1 at 5, ¶ 14. Plaintiff has a longtime calcaneus fracture on his left heel. *Id.* at 9, ¶ 19. Plaintiff's physician directed Plaintiff to use "any walking assistance devices available to him." *Id.* at 13, ¶ 23. Plaintiff has been denied "meaningful access" to public transit because Defendant's employees continue to (1) inquire about Plaintiff's specific disability and (2) refuse to allow Plaintiff to use the disability ramp on the bus. *Id.* at 9–11, ¶¶ 19–20. Plaintiff alleges he has submitted three complaints to Sun Tran on these issues but has not received a resolution. *Id.* at 17, ¶ 28. Plaintiff alleges Defendant Sun Tran Bus System has a practice of not lowering the disability ramp for Plaintiff even though he is disabled. *Id.* at 18–19, ¶ 30. He further alleges Defendant Sun Tran Bus System has taken no corrective action to train Jane Doe driver *Id.* at 16, ¶ 26.

**IV.    The Court Will Deny Plaintiff's Request for Preliminary Injunction.**

Plaintiff requests the Court grant a preliminary injunction to prevent Defendant Sun Tran from continuing to refuse Plaintiff's use of the disability ramp on the bus. *See id.* at 21, ¶ 35. A party seeking a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.,*

1 *Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014).

First, while Plaintiff appears to state a prima facie claim, it is a thin claim. The Court has many questions about Sun Tran's policies and procedures and how Plaintiff's claims fit within these. The Court is not convinced of the likelihood of success on the merits. Second, Plaintiff has provided no evidence of irreparable harm. Plaintiff alleges his heel fracture is painful but does not explain how being denied use of the disability ramp will cause *irreparable* harm. *See* Doc. 1 at 16, ¶ 26. Finally, Plaintiff provides no information on the balance of equities or public interest favoring a preliminary injunction.

Accordingly, the Court will deny Plaintiff's request for a preliminary injunction.

### V.     Motion to Direct Service

Due to Plaintiff's in forma pauperis status, the Court will grant his request to direct service on Defendant Sun Tran Bus System.

### VI.    ORDER

**IT IS ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 3).

**IT IS FURTHER ORDERED dismissing** Defendant Jane Doe and **denying** Plaintiff's request for Preliminary Injunction without prejudice.

**IT IS FURTHER ORDERED granting** Plaintiff's Motion to Direct Service as follows:

(1)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Sun Tran Bus System.

(2)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant Sun Tran of the commencement of this action and request waiver of service of the summons under Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(6) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) (if serving a corporate defendant); and/or Rule 4(j)(2) (if serving a state, municipal corporation or other local governmental agency) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-

285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 1st day of May, 2025.

John C. Hinderaker
United States District Judge