**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen P Kelly, | No. CV-25-00105-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Tran Bus System, et al., | |
| Defendants. | |

On March 5, 2025, pro se Plaintiff, Stephen P. Kelly, filed a Complaint against Sun Tran Bus System (Doc. 1) and a Motion to Direct Service of Process (Doc. 4). On May 1, 2025, the Court granted Plaintiff's Motion to Direct Service and instructed Plaintiff to complete and return a service packet by May 23, 2025. Doc. 8 at 5–6. Plaintiff never returned the service packet and has taken no action in this case since April 29, 2025. At this point, the Court would typically file an order to show cause, directing Plaintiff to explain his failure to prosecute. But Plaintiff has not maintained a current address with the Court and, thus, such an order is likely futile.[1]

Plaintiffs have a general duty to prosecute their case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). A federal district court has the power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash*

---

[1] The Court's filings to Plaintiff have been returned as undeliverable three times: on May 13, 2025; June 16, 2025; and July 24, 2025. An unrepresented party is required to maintain a current address with the Court. *See* LRCiv 83.3(d). And under General Order 14-10, the Court will discontinue mailings "in any case where documents have been returned twice by the United States Postal Service and no change of address has been filed."

*R.R. Co.*, 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

To determine whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal. Plaintiff's lack of action in this matter has prevented the Court from adjudicating this case on its merits. Plaintiff was ordered to return the service packet by May 23, 2025, but failed to do so. Further, the Court is unable to communicate with Plaintiff due to his failure to maintain a current mailing address. The third factor weighs in favor of dismissal because there is no risk of prejudice to the Defendant. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds there is only one less-drastic sanction available. Under Federal Rule of Civil Procedure 41(b), a dismissal for failure to prosecute operates as an adjudication on the merits, unless the dismissal order states otherwise. In the instant case, a dismissal with prejudice would be unnecessarily harsh. Thus, the Court will dismiss the Complaint and this action without prejudice under Rule 41(b).

///
///
///
///
///

Accordingly,

**IT IS ORDERED** that this action be **dismissed without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 29th day of July, 2025.

_____
John C. Hinderaker
United States District Judge